IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEXTER JACKSON, <br> AIS 304972, <br>     Petitioner, <br> v. <br> DAVID LAMAR, *et al.*, <br>     Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:23-CV-432-RAH <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

**I.     INTRODUCTION**

Dexter Jackson, an inmate proceeding pro se, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Thereafter, Respondents filed an Answer, arguing that Jackson's claims are time-barred, unexhausted, defaulted, and that he otherwise is not entitled to habeas relief. (Doc. 15.) On December 1, 2023, the Court ordered Jackson to show cause why his Petition should not be dismissed. (Doc. 16.) Jackson did not file a response. Upon consideration of the parties' filings, and for the reasons stated below, Jackson's § 2254 Petition will be denied without an evidentiary hearing as time-barred,[1] and therefore, will be dismissed with prejudice.

---

[1] Since the statute of limitations is dispositive, the Respondents' other arguments for dismissal will not be discussed.

## II. BACKGROUND

In June 2015, Jackson was indicted on one count of Burglary and one count of Attempted Rape. (Doc. 15-1.) On February 4, 2016, Jackson entered a plea of guilty to both counts. (Doc. 15-4.) On June 29, 2016, Jackson entered into a settlement agreement with the State for a 20-year sentence on both counts to run concurrently. That same day, the state court accepted the agreement and sentenced Jackson to 20 years on each count, to run concurrently. (Doc. 15-4; Doc. 15-5.) Jackson did not appeal.

Jackson filed the instant Petition in this Court on September 18, 2023. In his Petition, Jackson disputes the factual basis for his original indictment, claims defects in the indictment, and asserts that he was wrongfully charged as a habitual felony offender.

## III. DISCUSSION

Respondents argue that Jackson's Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Pike Circuit Court sentenced Jackson on June 29, 2016. Since he did not appeal or file any post-conviction proceedings, his convictions became final 42 days later on August 11, 2016. Absent some tolling event, Jackson had until August 11, 2017, to file a § 2254 petition challenging his burglary and rape convictions. He filed his petition on September 18, 2023.

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly filed state court petition. *See id*. Jackson has never filed a petition in the state trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Therefore, he is not entitled to any tolling of the AEDPA limitation period under § 2244(d)(2).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) through (D) provide no safe harbor for Jackson in terms of affording him a different triggering date so that AEDPA's limitation period commenced on a date later than August 11, 2016, or expired on some date later than August 11, 2017. There is no evidence that an unlawful state action impeded Jackson from filing a timely § 2254 petition, *see* § 2244(d)(1)(B); Jackson presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on

collateral review," *see* § 2244(d)(1)(C); and Jackson submits no ground for relief with a factual predicate not discoverable earlier with due diligence, *see* § 2244(d)(1)(D).

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).

Jackson makes no satisfactory argument for equitable tolling in his case. In fact, he did not file a response to the Respondents' argument that his claims are barred by the statute of limitations. In his Petition, he vaguely alleges that the state court failed to give him the documents that he had previously requested. However, he does not state what he requested, when he requested it, how he requested, or what he expected to find. The Respondents in their Answer have presented two requests for documents that Jackson filed in his criminal matter almost 7 years after his convictions, one of which was granted by the court and included his criminal case file. That request, whether granted or not, does not give rise to any equitable tolling as it does not show that he pursued his rights diligently, that some extraordinary circumstances stood in the way that prevented timely filing, or any other reason that could give rise to tolling.

4

In short, Jackson had until August 11, 2017, to file a § 2254 petition challenging his convictions. He establishes no grounds for statutory or equitable tolling. Therefore, to the extent he challenges his convictions, his § 2254 petition, which was filed on September 18, 2023, is time-barred by AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

### IV.  CONCLUSION

Accordingly, for the reasons above, it is ORDERED that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DENIED** without an evidentiary hearing and this case is **DISMISSED WITH PREJUDICE**.

DONE, on this the 5th day of September 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE